UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WESCO INSURANCE COMPANY, | } |
| | } |
|     Plaintiff, | } |
| | } |
| v. | }   Case No.: 2:16-CV-1955-RDP |
| | } |
| SOUTHERN MANAGEMENT | } |
| SERVICES, INC., et al., | } |
| | } |
|     Defendants. | |

## MEMORANDUM OPINION

This matter is before the court on Defendants' Amended Motion to Dismiss Plaintiff's Amended Petition for Declaratory Relief. (Doc. # 22). The Motion is fully briefed. (Doc. # 24, 25)[1]. In their Motion, Defendants argue that in addition to this declaratory judgment action, there is a pending "parallel proceeding" in state court, and that this court should exercise its discretion and decline to declare the parties' rights in this case. After careful review, the court agrees.

**I.    Background**

On December 7, 2016, Plaintiff filed its Complaint in this declaratory judgment action, which requests this court to declare the rights and obligations of the parties with regard to issues of coverage for the alleged loss and destruction of a 2015 Morbark Flail Chiparvestor chipper. (Doc. # 1). The Complaint was served on Defendants, and Defendant Southern Management Services, Inc. ("SMS") signed a formal waiver of service. (Doc. # 24 at ¶ 2). On January 5, 2017, Defendants SMS and Raughton filed an action in state court alleging claims of breach of contract, bad faith, and fraud against Plaintiff Wesco Insurance Company. (Doc. # 7-2). In the state court action, Defendants SMS and Raughton also plead other claims arising from the

---

[1] In addition to the briefs filed in conjunction with Defendants' amended motion, the parties incorporate argument from briefs previously filed with court. (*See* Docs. # 7, 16, 18).

destruction of the chipper against entities which are not parties in this declaratory judgment action. (*Id.* at ¶¶ 88-118).

On February 6, 2017, Defendants filed a motion to dismiss which argued that the court should (1) abstain from hearing this action under the *Wilton/Brillhart* doctrine or (2) dismiss this action for failure to state a claim. (*See* Doc. # 7). Following this motion, Plaintiff filed an Amended Petition for Declaratory Judgment. (Doc. # 15). On March 28, 2017, Defendants filed an amended motion to dismiss, directed at the operative complaint. (Doc. # 22). This amended motion again argued that the court should abstain from hearing this action or dismiss count two of Plaintiff's Amended Petition. (*Id.*).

## II. Analysis

While it proceeds under two different theories, Plaintiff's Complaint in this action sounds exclusively in a request for declaratory judgment.² "[T]he Declaratory Judgment Act is properly 'understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.'" *Lexington Ins. Co. v. Rolison*, 434 F. Supp. 2d 1228, 1233 (S.D. Ala. 2006) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). "[C]ourts in this Circuit have long recognized that they have discretion to 'decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between the parties[,]'" *i.e.*, where a parallel state court action exists. *State Farm Fire and Cas. Co. v. Knight*, 2010 WL 551262, *2 (S.D. Ala. 2010) (citation omitted); *Pennsylvania National Mutual Cas. Ins., Co. v. King*, 2012 WL 280656 (S.D. Ala. 2012). The Eleventh Circuit has observed that the Act "only gives the federal courts competence to make a

---

² Plaintiff's Amended Petition for Declaratory Relief contains two counts. The first asks the court to declare that no coverage exists under the policy because Defendant SMS, by way of Defendant Raughton, made material misrepresentations with the intent to deceive Plaintiff. (Doc. # 15 at p. 16). The second asks the court to declare that no coverage exists under the policy because the conditions of the policy were not met. (*Id.* at p. 18).

2

declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005). "'The desire of insurance companies ... to receive declarations in federal court on matters of purely state law has no special call on the federal forum.'" *Lexington Ins. Co.*, 434 F.Supp.2d at 1233 (quoting *State Auto Ins. Companies v. Summy*, 234 F.3d 131, 136 (3rd Cir.2000)).

This court has discretion to "decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between the parties." *Ven-Fuel, Inc. v. Department of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982). The Eleventh Circuit has emphasized that considerations of federalism, comity, and efficiency require district courts to balance federal and state interests in determining how (and whether) to exercise their discretion to hear a declaratory judgment action in the face of a parallel state action. *Ameritas Variable Life Ins. Co.*, 411 F.3d at 1330-31.

As our Circuit has explained, "when federal and state proceedings involve substantially the same parties and substantially the same issues" they are sufficiently parallel. *Ambrosia Coal and Const. Co. v. Pages Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004) (addressing the *Colorado River* abstention analysis); *see Scottsdale Ins. Co. v. Detco Industries, Inc.*, 426 F.3d 994, 997 (8th Cir. 2005) ("For purposes of *Wilton* abstention analysis, '[s]uits are parallel if substantially the same parties litigate substantially the same issues in different forums.'"). The Eleventh Circuit has provided a list of factors to inform federal courts' discretionary decisions about whether to abstain from exercising jurisdiction over state-law claims in the face of parallel litigation in the state courts:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

(2) whether the judgment in the federal declaratory action would settle the controversy;

(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"- that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;

(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

(6) whether there is an alternative remedy that is better or more effective;

(7) whether the underlying factual issues are important to an informed resolution of the case;

(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas Veritable Life Ins Co.*, 411 F.3d at 1331. This "list is neither absolute nor is any one factor controlling; these are merely guideposts in furtherance of the Supreme Court's admonitions in *Brillhart* and *Wilton*." *Id*. Applying those factors here, and after careful review, the court concludes it should exercise its discretion in favor of abstention.

### A. Defendants' State Court Claims Need Not be Pled as Compulsory Counterclaims in this Action

Plaintiff first argues that the court need not engage in abstention analysis, because Defendants' state law claims against Plaintiff are compulsory counterclaims which must be brought in this action pursuant to Fed. R. Civ. P. 13(a). But this position fails to take into account both the court's "unique and substantial discretion in deciding whether to declare the rights of litigants," and the guidance offered by *Brillhart*. *Lexington Ins. Co.*, 434 F. Supp. 2d at

1233. While Defendants' state law claims could be compulsory counterclaims in this matter, the court need only make such a determination *after* deciding whether to exercise its discretion to hear the federal declaratory judgment action in the first place. This comports with the Supreme Court's admonishment that federal courts avoid "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation." *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942). Here, the court will not interfere with the pending state court action by finding the state claims to be compulsory counterclaims in this action without first assessing whether it should abstain from hearing this action at all. Indeed, if the court adopted Plaintiff's position, there would be almost no place for *Wilton/Brillhart* abstention in situations such as the one presented here. A plaintiff must do more than win the race to the courthouse before a federal district court is compelled to hear its declaratory judgment action. *See Triple S. Ref. Corp. v. Mt. Canaan Full Gospel Church*, 254 Fed. App'x. 762, 763 (11th Cir. 2007) ("That the action in state court was filed after the federal complaint in anticipation of the motion to dismiss, is of no moment."). And, if a declaratory action plaintiff were rewarded for filing first -- and the court were to supplant the abstention analysis with a finding that subsequently filed state claims are compulsory counterclaims -- *Wilton/Brillhart* abstention would have no place in actions where state court actions are filed after the federal declaratory judgment complaint.

Instead, in cases such as this (where there is a parallel state proceeding), the court must engage in this Circuit's abstention analysis. Only after engaging in such an analysis is a court tasked with determining whether the claims raised in the state court are compulsory counterclaims for the federal declaratory action. For the reasons explained below, the court finds that a parallel proceeding exists here, and the *Ameritas* guideposts counsel in favor of abstention in this matter. Accordingly, the court does not address whether the state court claims in this

matter would be compulsory counterclaims in this action if the court continued to retain jurisdiction over this matter.

B.  The Pending Action in Jefferson County Constitutes a Parallel Proceeding

Plaintiff argues that the pending state court action and this declaratory judgment action are not parallel. (Doc. # 24 at p. 7). The court disagrees. Specifically, Plaintiff argues that if Defendants' state law claims for breach of contract, bad faith, and fraud were brought as counterclaims in this matter, all of the claims between Plaintiff and Defendant would be included in this action, and not the state court action. (Doc. # 24 at pp. 7-8). While the analysis in this matter would certainly be different if Defendants' state court claims were dismissed and filed as counterclaims in this action, that simply is not the posture of the present proceedings. As it stands now, both this declaratory action and a state court action exist on parallel "litigation tracks."

That the claims raised in the state court are not identical to those raised in this action does not prevent them from being construed as "parallel proceedings." *See Metro. Prop. & Cas. Ins. Co. v. Butler*, 2016 WL 2939633, at \*6 (N.D. Ala. May 20, 2016) (finding a federal declaratory judgment action and a state court action including claims for fraud, negligence, and wantonness to be "parallel proceedings"). The action before this court involves claims seeking a declaratory judgment that Plaintiff owes no duty to Defendants under the subject policy. (Doc. # 15). The state court action involves claims against Plaintiff and others for breach of contract, bad faith, fraud, and negligence. (Doc. # 7-2). The issue of coverage necessarily arises as part of the state court claims. And, an adjudication of those claims will necessarily resolve the only claim in this case: is there coverage? However, the converse is not true. An adjudication of the coverage claim in this case will not resolve all of the issues in the state court litigation.

Further, the fact that there are parties named in the state court action that are not named in this action does not support a finding that the actions do not involve "the same parties." *See id.* at *7. Here, the state court action involves each of the parties to this action, as well as certain other Defendants. As such, the state court action involves the same parties present in this action, and other parties that will be a part of the resolution the various underlying issues. This does not change the state court action's status as a "parallel proceeding;" rather, it actually counsels in favor of abstention.

### C. The *Ameritas* Guideposts Counsel in Favor of Abstention

The principles underlying the *Ameritas* decision are instructive. There, the court noted as follows:

> In fact, in cases such as this, the Supreme Court has expressed that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." The Supreme Court has warned that "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." This warning should be heeded.

*Ameritas Variable Life Ins. Co.*, 411 F.3d at 1330. Among the questions presented in the state court action is the issue of coverage. All parties may be joined in the state forum and complete relief may be awarded there. That is, all parties (including the Defendants named in the state court complaint who are not parties to this action) will have an opportunity to litigate in the state court. The availability of an alternative forum weighs strongly in favor of dismissal of this case. Moreover, litigation in a forum that includes those Defendants will place the trier of fact in that case in a better position to reach an informed resolution of this controversy. Both cases are in their infancy. In light of the existence of the state litigation, this case will not help clarify the legal relations at issue, nor help resolve the controversy between all parties. On the other hand,

7

the state court litigation will do so. Failure to dismiss this case (and to allow this case to proceed simultaneously with the state action) would result in both duplication of effort and the potential for inconsistent results. For all these reasons, dismissal of this action would also serve the interests of judicial efficiency.

Careful application of the *Ameritas* guideposts further supports this determination. The first *Ameritas* factor concerns the "strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts." *Id.* at 1331. Here, the issues presented both in this action and the state court action involve an insurance contract issued to an Alabama corporation, and sound exclusively in Alabama state law. Alabama clearly has a significant interest in having its state courts resolve these matters. *Canal Ins. Co. v. Morgan*, 2007 WL 174387, at *3 (S.D. Ala. Jan. 19, 2007) (finding as much where "[t]he legal issues presented in this case are exclusively Alabama state law issues concerning interpretation of an insurance policy issued to an Alabama citizen with respect to an automobile accident that occurred in Alabama and that allegedly injured an Alabama citizen."); *Lexington Ins. v. Rolison*, 434 F. Supp. 1228 (S.D. Ala. 2006) (finding that the state court had a substantial interest in deciding Alabama state law issues concerning the interpretation of an insurance contract issued to an Alabama business).

The second *Ameritas* factor -- whether the judgment in the federal declaratory action would settle the controversy – also clearly counsels in favor of abstention as well. As mentioned above, while resolution of the pending state court matter could resolve the issues pending before this court, the same is not true in the reverse. Thus, the continuation of this federal declaratory action would risk "piecemeal [resolution] in two different fora." *Id.* Plaintiff argues that if it were to prevail in this declaratory judgment action there would be no cause of action against it in

the state court for breach of contract, bad faith, or fraud. (Doc. # 16 at p. 13). However, that analysis is only half true. The same cannot be said if Plaintiff does not prevail in this action. If the court finds that Defendants are entitled to coverage in this declaratory judgment action, the state court would still be needed to decide the breach of contract, bad faith, and fraud issues.

Similarly, other of the *Ameritas* factors further tip the scale in favor of abstention. The *Ameritas* decision requires that the court consider "whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction" and "whether there is an alternative remedy that is better or more effective." *Ameritas Variable Life Ins. Co.*, 411 F.3d at 1331. Both questions are answered in the affirmative here. With the overlapping issue of coverage pending before both the state and federal courts, the first ruling by one of those courts on the issue will carry with it at least a potential of having a res judicata effect on the second court's ability to hear and decide the same issue. *Canal Ins. Co.*, 2007 WL at *3. Accordingly, an alternative remedy (*i.e.*, a dismissal of this action) would be both more effective and efficient.

Likewise, the last factors of the *Ameritas* analysis favor abstention. The court is tasked with considering "whether the underlying factual issues are important to an informed resolution of the case," "whether the state trial court is in a better position to evaluate those factual issues than is the federal court," and "whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action." *Ameritas Variable Life Ins. Co.*, 411 F.3d at 1331. While this action may not require substantial factual inquiry, the state court will be tasked with the evaluating the facts of this case in order to resolve Defendants' breach of contract, bad faith, fraud, and negligence claims. Rather than have two courts duplicate effort

and assess the same underlying facts, "a far more sensible and efficient approach is for the state court that is already tasked with examining those facts in the underlying case to apply those same facts to the pending claims for declaratory relief." *Canal Ins. Co.*, 2007 WL 174387 at *4. Further, Plaintiff's Complaint raises only state law issues and in no way references federal common or statutory law.

Accordingly, the bulk of the *Ameritas* factors weigh in favor of abstention. The final two factors neither weigh in favor of or against abstention, and thus cannot be said to tip the scale in the other direction. Indeed, the third guidepost tasks the court with considering "whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue." *Ameritas Variable Life Ins. Co.*, 411 F.3d at 1331. While this declaratory action would certainly clarify the legal relations related to coverage, the same is true of the pending state court action. And, the state court is equally capable of deciding the issue of coverage in addition to the other issues before it. Similarly, there is little indication that this declaratory remedy "is being used merely for the purpose of 'procedural fencing.'" *Id*. Courts have found this factor met even when the declaratory judgment action was filed first. *See Metro. Prop. & Cas. Ins. Co.*, 2016 WL at *7. However, the facts before the court do not indicate that Plaintiff knew of Defendants intention to file an action in state court, and the limited record before the court contains little evidence from which it could infer that either party engaged in procedural fencing.

### III. Conclusion

For the reasons explained above, and with the guidance of the *Ameritas* factors, the court determines that it should exercise its *Wilton* discretion. The court exercises its "substantial discretion" to decline to declare the parties' rights in this case. *Lexington Ins. Co.*, 434 F.Supp.2d

at 1233.  Therefore, Defendant's Motion to Dismiss (Doc. # 22) is due to be granted.  A separate order will be entered.

**DONE** and **ORDERED** this April 13, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE